IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARMANDO RIVERA, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>YELLOW CORPORATION, YRC INC. (d/b/a YRC FREIGHT), USF HOLLAND LLC, NEW PENN MOTOR EXPRESS LLC, and USF REDDAWAY INC.,<br><br>                  Defendants. | CIV. A. NO. _____ |

**CLASS ACTION COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq*. AND (2) VIOLATION OF CALIFORNIA LABOR CODE §§ 1400 *et seq*. and (3) VIOLATION NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT, JOB LOSS NOTIFICATION ACT, N.J. STAT. ANN. § 34:21–1 *et seq*.**

Plaintiff Armando Rivera ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees of Yellow Corporation (the "Company"), YRC Inc. (d/b/a YRC Freight), USF Holland LLC ("Holland"), New Penn Motor Express LLC ("New Penn") and USF Reddaway Inc. ("Reddaway") (collectively, "Yellow" or "Defendants") by way of this Class Action Complaint against Defendants as follows:

**NATURE OF THE ACTION**

1. The Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendants and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Defendants beginning on or about July 28, 2023, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN

Act"), 29 U.S.C. § 2101 *et seq*., the California Labor Code § 1400 *et. seq*. ("CAL-WARN Act"), and 90 days' notice as required by the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J. Stat. Ann. § 34:21–1 *et seq.* ("New Jersey WARN Act") (collectively, the "WARN Acts").

2. Plaintiff also brings a claim under the New Jersey WARN Act for damages to the New Jersey-based employees of Defendants, for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment with Defendants or the final regular rate of compensation, whichever is higher) for each full year that he or she worked. In addition, the New Jersey-based employees are entitled to an additional four weeks of severance pay, pursuant to N.J. Stat. Ann. § 34:21-2(b).

3. Plaintiff was terminated along with nearly 30,000 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Defendants beginning on or about July 28, 2023.

4. Defendants failed to give Plaintiff and other similarly situated employees of Defendants the requisite 60 or 90 days' advance notice of their terminations, as required by the WARN Acts. As a consequence, Plaintiff and other similarly situated employees of Defendants seek their statutory remedies.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 and 29 U.S.C. § 2104(a)(5).

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

7. Plaintiff was employed by Defendants as a dock worker and union steward from

July 1998 until July 28, 2023.

8. Plaintiff is a resident of the state of California.

9. Upon information and belief, Plaintiff worked at Defendants' facility located at 18298 Slower Ave, Bloomington, California (the "Bloomington Facility").

10. On July 28, 2023, Plaintiff was notified of his termination.

11. Plaintiff was terminated without cause.

12. At no time prior to July 28, 2023, did Plaintiff receive written notice that his employment would be terminated.

13. Plaintiff's last day of employment was July 28, 2023.

14. Along with Plaintiff, approximately 600 other employees of Defendants who worked at, reported to, or received assignments from the Bloomington Facility were terminated on or about July 28, 2023 without 60 days' advance written notice.

15. Along with Plaintiff, thousands of other employees of Defendants who worked at, reported to, or received assignments from Defendants' facilities nationwide, and particularly in California and New Jersey (collectively, the "Facilities") were terminated on or about July 28, 2023, without 60 days' advance written notice.

### *Defendants*

16. Upon information and belief and at all relevant times, Defendants operated a less than truckload business ("LTL") with operations throughout the United States in which carriers ship goods from multiple shippers in single trailers.

17. Defendant Yellow Corporation ("Yellow") is a publicly traded Delaware corporation.

18. Defendant YRC Inc. (d/b/a YRC Freight) ("YRC Freight") is a Delaware corporation.

19. YRC Freight is Yellow's legacy operation and largest LTL subsidiary.

20. Defendant USF Holland LLC ("Holland") is a Delaware limited liability company.

21. Holland provided next-day LTL services across the Central, Southeastern, and Midwestern regions of the United States.

22. Defendant New Penn Motor Express LLC ("New Penn") is a Delaware limited liability company.

23. New Penn provided next-day LTL services across the Northeastern region of the country, including New Jersey and New York, as well as cross-border service to Eastern Canada.

24. Defendant USF Reddaway Inc. ("Reddaway") is an Oregon corporation. Reddaway provided next-day and two-day LTL services across the Western region of the country, including in Hawaii, as well as cross-border service to Western Canada and by sea to Alaska.

25. Upon information and belief, Defendants are headquartered in Nashville, Tennessee.

26. Upon information and belief, Holland and New Penn are wholly owned subsidiaries of Yellow Corporation. YRC Inc. (d/b/a YRC Freight) is a wholly owned subsidiary of Roadway LLC, which is a wholly owned subsidiary of Yellow Corporation. Reddaway is a wholly owned subsidiary of YRC Regional Transportation, Inc., which is a wholly owned subsidiary of Yellow Corporation.

27. Upon information and belief, in 2019, Yellow embarked on a plan to rebrand itself

as "One Yellow" by combining YRC Freight, Holland, New Penn and Reddaway to create "one super-regional carrier." As a unified carrier, its services would be integrated across the country.

28. In furtherance of its One Yellow strategy, Yellow reorganized its leadership to, in its words "streamline decision making and enhance execution across all functional areas of the organization." It completed the reorganization of its enterprise-wide sales force, and migrated the IT functions of the subsidiary Defendants to a common IT platform called "One Operating Platform."

29. Yellow has consolidated YRC Freight's operations with Reddaway's operations in the West.

30. Upon information and belief, until July 28, 2023, Defendants operated 80 freight terminals and 200 other locations throughout the United States.

31. On information and belief, beginning on July 28, 2023, Defendants carried out a termination of operations and/or mass layoffs and closures at its Facilities nationwide that resulted in the loss of employment for at least 33% of its workforce and at least 50 full-time employees, not including part-time employees at most facilities.

32. After 25 years working for Yellow, on July 28, 2023, Plaintiff was informed that it was his last day and that he should not report to work thereafter.

33. On information and belief, the approximately 600 other employees who worked at the Bloomington Facility, were similarly told on July 28, 2023 and over the next few days. that the facility was closed and they should no longer report to work.

34. Upon information and belief, while certain California-based were informed that their health care coverage would extend to August 31, coverage would be ending for others on or around August 5.

35. Immediately prior to the terminations on July 28, 2023, Defendants employed nearly 30,000 union and non-union employees, including Plaintiff.

### FEDERAL WARN ACT CLASS ALLEGATIONS,

36. Plaintiff brings a representative claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) which permits him to sue for himself or others similarly situated, or for both which he now does, utilizing the procedures of Federal Rules of Civil Procedure, Rule 23(a) and (b) ("Rule 23"), who worked at, received assignments from, or reported to one of Defendants' Facilities and were terminated without cause on or about July 28, 2023, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

37. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at close to 30,000 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

38. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendants' books and records.

39. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

40. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

  (a) whether the members of the WARN Class were employees of Defendants who worked at, received assignments from, or reported to the Facilities;

  (b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts; and

  (c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act;

  (d) whether Defendants are liable as a single employer to the WARN Class members.

  41. Plaintiff's claim is typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, received assignments from, or reported to the Facilities and was terminated without cause beginning on or about July 28, 2023 due to the mass layoffs and/or plant closings ordered by Defendants.

  42. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639/(3)(a)(1) and continued to operate as a business until Defendants decided to order mass layoffs or plant closings at the Facilities.

  43. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

  44. Class certification of these claims is appropriate under Rule. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation in court, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual

prosecution of this litigation.

45. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

46. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CALIFORNIA WARN CLASS ALLEGATIONS

47. Plaintiff also brings a representative claim for Relief for violation of Lab. Code § 1401 on behalf of himself and others similarly situated pursuant to Lab. Code § 1404, and utilizing Fed. R. Civ. P. Rule 23(a) and (b)(3), who worked at, reported to, or received assignments from Defendants' Facilities and were terminated without cause beginning on or about July 28, 2023 (the "Cal-WARN Class").

48. The persons in the Cal-WARN Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

49. On information and belief, the identity of the members of the class and the recent residence address of each member of the Cal-WARN Class is contained in the books and records of Defendants.

50. On information and belief, the rate of pay and benefits that were being paid by Defendants to each member of the Cal-WARN Class at the time of his/her termination is contained

in the books and records of Defendants.

51. Common questions of law and fact exist as to members of the Cal-WARN Class, including, but not limited to, the following:

(a) whether the members of the Cal-WARN Class were employees of the Defendants;

(b) whether Defendants unlawfully terminated the employment of the members of the Cal-WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the Cal-WARN Act; and

(c) whether Defendants unlawfully failed to pay the Cal-WARN Class members 60 days wages and benefits as required by the Cal-WARN Act; and

(d) whether Defendants are liable as a single employer to the New Jersey WARN Class members.

52. Plaintiff's claims are typical of those of the Cal-WARN Class. The Plaintiff, like the Cal-WARN Class members, worked at, reported to, or received assignments from the Facilities and were terminated on or about July 28, 2023, due to the terminations ordered by Defendants.

53. Plaintiff will fairly and adequately protect the interests of the Cal-WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the Cal-WARN Act, the federal WARN Act, other similar state laws, and employment litigation. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Cal-WARN Class predominate over any questions affecting only individual members of the Cal-WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of Cal-WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Cal-WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

54. Concentrating all the potential litigation concerning the Cal-WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the Cal-WARN Act rights of all the members of the Class.

55. Plaintiff intends to send notice to all members of the Cal-WARN Class to the extent required by Rule 23.

## NEW JERSEY WARN ACT ALLEGATIONS

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff brings this representative New Jersey WARN Act claim for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J. Stat. § 34:21-6, ("New Jersey WARN Act") which permits him to sue on behalf of others similarly situated, who received less than 60 days' notice, utilizing the procedural rules Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to the Facilities and were terminated without cause on or about July 28, 20233 (the "New Jersey WARN Class").

58. The persons in the New Jersey WARN Class identified above ("New Jersey WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

59. On information and belief, the identity of the members of the class and the recent residence address of each of the New Jersey WARN Class Members is contained in Defendants' books and records.

60. On information and belief, the rate of pay and benefits that were being paid by Defendants to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

61. Common questions of law and fact exist as to members of the New Jersey WARN Class, including, but not limited to, the following:

(a) whether the members of the New Jersey WARN Class were employees of the Defendants;

(b) whether Defendants unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act;

(c) whether Defendants unlawfully failed to pay the New Jersey WARN Class members severance pay as required by the New Jersey WARN Act; and

(d) whether Defendants are liable as a single employer to the New Jersey WARN Class members.

62. Plaintiff's claims are typical of those of the New Jersey WARN Class. Plaintiff, like the New Jersey WARN Class members, worked at or reported to a Facility and was terminated on or about July 28, 2023 without advance notice due to the terminations ordered by Defendants.

63. Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

64. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs

may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

65. Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

66. Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF
### Violation of the Federal WARN Act 29 U.S.C. § 2104(a)(5)

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

69. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoffs or plant closings at the Facilities.

70. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

71. On or about July 28, 2023, Defendants ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

72. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

73. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

74. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

75. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

76. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

77. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

78. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**SECOND CLAIM FOR RELIEF**
**Violation of the California Lab. Code, § 1400 *et. seq.***

79. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

80. Plaintiff brings the Second Claim for Relief for violation of Lab. Code § 1401 on behalf of a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facilities and were terminated without cause on or about July 28, 2023 and thereafter (the "CAL-WARN Class").

81. Pursuant to Lab. Code § 1400(b), "'[e]mployer' means any person . . . who directly or indirectly owns and operates a covered establishment. A parent corporation is an employer as to any covered establishment directly owned and operated by its corporate subsidiary."

82. Upon information and belief, Defendants are the employers of the Cal-WARN Class as that term is defined by Lab. Code § 1400(b) because they directly or indirectly owned and operated at least one covered establishment.

83. Upon information and belief, besides the Bloomington Facility, Defendants closed their California Facilities on or about July 28, 2023 in Visalia, Tracy, Sun Valley, Santa Maria, Santa Clara, Diego, Sacramento, Brisbane, Santa Rosa, Anderson, West Sacramento, Pomona. Pico Rivera, Orange, Ventura, Downey Gardena, Hayward, Fresno, Fontana, Eureka, Adelanto, Calexico, and Bakersfield.

84. Defendants violated Cal-WARN by terminating the employment of similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Lab. Code § 1400 on or about July 28, 2023 or thereafter, without giving written notice at least 60 days before the order took effect to: (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred.

The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

85. As a result of Defendants' violation of Lab. Code § 1401, Plaintiff and the other similarly situated employees are entitled to 60 days of back pay under Lab. Code § 1402(a-b).

86. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Lab. Code § 1404.

### THIRD CLAIM FOR RELIEF
### Violation of the New Jersey WARN Act N.J. Stat. Ann. § 34:21–1 *et seq.*

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88. At all relevant times, Defendants were an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facilities as defined by N.J. Stat. Ann. § 34:21–2(d).

89. Defendants operated Facilities in Millville, Carlstadt, Kearny. South Plainfield, Hamilton, Cinnaminson, and Mercerville, New Jersey, all of which closed on or about July 28, 2023. N.J. Stat. Ann. § 34:21–1 *et seq.*

90. On or about July 28, 2023, Defendants ordered a mass layoff and/or termination of operations as defined by N.J. Stat. Ann. §§ 34:21–1, .34:21–2(c).

91. The New Jersey WARN Class Members suffered a termination of employment as defined by N.J. Stat. Ann. § 34:21-2, having been terminated by Defendants without cause on their part.

92. Defendants were required by the New Jersey WARN Act to give the New Jersey Class Members at least 90 days advance written notice of their terminations. N.J. Stat. Ann. § 34:21-2(a).

93. Defendants failed to give the New Jersey WARN Class Members written notice that complied with the requirements of the New Jersey WARN Act.

94. Defendants failed to pay the New Jersey WARN Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay (calculated at their average rate of compensation during the last three years of employment or the final regular rate of compensation, whichever is higher) for each full year that they worked, plus an additional four weeks of mandatory severance pay under N.J. Stat. Ann. § 34:21-2(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Judgment in favor of the Plaintiff and Class members equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), or California Labor Code § 1404; or (ii) under the New Jersey WARN Act, N.J. Stat. Ann. § 34:21-2(b).

B. Judgment in favor of each New Jersey Class Member for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment or the final regular rate of compensation, whichever is higher), plus an additional four weeks of mandatory severance pay;

C. Certification that Plaintiff and the other Class members constitute a single class with or without subclasses as provided under Rule 23(c)(4);

D. Appointment of Plaintiff as the Class Representative;

E. Appointment of the undersigned attorneys as Class Counsel;

F. Reasonable attorneys' fees and the costs and disbursements, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), Cal. Lab. Code § 1404 and N.J. Stat. Ann. § .34:21-6; and

G. Such other and further relief as this Court may deem just and proper;

Dated: August 1, 2023                                    Respectfully submitted,

                                                          By:   /s/ Christopher D. Loizides
                                                          Christopher D. Loizides (No. 3968)
                                                          **LOIZIDES, P.A.**
                                                          1225 King Street, Suite 800
                                                          Wilmington, Delaware 19801
                                                          Telephone: (302) 654-0248
                                                          Facsimile: (302) 654-0728
                                                          E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and the putative class*